IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

LEE STEWART,

           Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

           Defendant.

Case No. 10-CV-170-FHM

## OPINION AND ORDER

Plaintiff, Lee Stewart, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to determining whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's May 25, 2006, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Charles Headrick was held June 11, 2008. By decision dated September 25, 2009, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on December 18, 2009. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

### **Background**

Plaintiff was 52 years old at the time of alleged onset of disability and 55 at the time of the ALJ's decision. He completed the 9th grade and formerly worked as carpenter, drywall worker, cylinder inspector, and maintenance repair worker. He claims to have been unable to work since April 1, 2006, as a result of diabetes, neuropathy, hypertension, and thyroid, kidney, and back problems. The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform medium work. [Dkt. 14-2, p. 17]. The ALJ found that Plaintiff is capable of performing his past relevant work as a carpenter, drywall worker, cylinder inspector, and maintenance repair worker as that work in generally performed. [Dkt. 14-2, p. 18]. In the alternative, based on the testimony of a vocational expert, the ALJ determined that there are other jobs that exist in significant numbers in the economy that Plaintiff can perform. The case was thus decided at step four of the five-step evaluative sequence, with an alternative step five finding. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### Plaintiff's Allegations

Plaintiff asserts that the ALJ: failed to properly consider the treating physician's opinion; failed to properly consider his credibility; and the RFC assessment is not supported by substantial evidence.

### Discussion

Plaintiff argues that the case should be reversed because the ALJ failed to properly consider a treating physician's opinion.[2] The treating physician's opinion to which Plaintiff refers consists of the physician's signature affixed to a one-page application form for a handicapped parking placard. [Dkt. 14-8, p. 109]. On that form Raeanne Lambert, DO, checked a box signifying that Plaintiff is "severely limited in his or her ability to walk due to an arthritic, neurological, or orthopedic condition." *Id.* According to Plaintiff, the case must be reversed because the ALJ did not mention this form or give reasons for not adopting the restrictions indicated on the form.

The court does not view the application form itself as a physician's opinion within the meaning of 20 C.F.R. §§ 404.1527(d)(2). 416.927(d)(2). It was not included in Dr. Lambert's records but was submitted separately by Plaintiff's counsel. [Dkt. 14-8, pp. 108-109]. Further the form does not contain specific information about Plaintiff's condition. The court finds no error in the ALJ's failure to mention the handicapped parking application form as such.

---

[2] An ALJ is required to give a treating physician's opinion controlling weight if it is both: 1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques;" and 2) "consistent with other substantial evidence in the record." *Watkins v. Barnhart,* 350 F.3d 1297, 1300, (10th Cir. 2003) (quoting SSR 96-2p, 1996 WL 374188 at *2)).

However, the court finds it was error for the ALJ to have failed to discuss Dr. Lambert's findings. In his decision, the ALJ noted Dr. Lambert's record from January 30, 2007, the date that the handicapped parking application was signed. [Dkt. 14-2, p. 18]. The ALJ noted that on that date Plaintiff told the doctor numbness was improved on the drug Neurontin. [Dkt. 14-2, p. 18; 14-8, p. 142]. In that same medical record, Dr. Lambert stated she "filled out a handicapped placquard [sic] for patient who has difficulty w/ ambulation secondary to foot pain." [Dkt. 14-8, p. 142]. She also noted that "[d]iabetic foot exam done by nurse indicated patient is unable to feel the monofilament at any points on the check." *Id.* Except for remarking that numbness is improved on Neurontin, the ALJ did not mention the rest of Dr. Lambert's record.

This is significant because Dr. Lambert's record is contrary to the statement in the ALJ's credibility finding that "the claimant's treating physicians did not place any functional restrictions on his activities that would preclude medium work activity." [Dkt. 14-2, p. 18].

It is of further significance because the ALJ found that diabetic neuropathy was a severe impairment at step two and also found Plaintiff is capable of performing the full range of medium work. The Commissioner defines the full range of medium work as involving "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds." Social Security Ruling 83-10, 1983 WL 31251, *6. A step two finding that diabetic neuropathy is a severe impairment means that it significantly limits the ability to do basic work activities. The finding that Plaintiff's diabetic neuropathy is a severe impairment seems to be at odds with the finding that Plaintiff can perform the full range of medium work which includes the ability to walk and/or stand for 6 hours per day. That is

not to say that the severity finding at step two *necessarily* equates to an inability to do the walking required of medium work.  However, since the ALJ did not discuss the medical evidence related to diabetic neuropathy the court cannot know what the ALJ's step two finding means.

The ALJ is not required to discuss every piece of evidence.  *Wilson v. Astrue*, 602 F.3d 1136, 1148 (10th Cir. 2010).  However, Dr. Lambert's record concerning Plaintiff's difficulty with ambulation is particularly important in view of the finding that Plaintiff can perform the full range of medium work.  Moreover, the ALJ should have addressed this piece of evidence because Plaintiff's attorney specifically brought the information to his attention at the hearing in the opening statement, [Dkt. 14-2, pp. 24-25], and again at the end of the hearing. [Dkt. 14-2, pp. 46-47].  Since an ALJ is normally entitled to rely on the claimant's counsel to structure and present the case, it is also reasonable to expect the ALJ to particularly address the issues raised by counsel.  See *Hawkins v. Chater,* 113 F.3d 1162, 1164 (10th Cir.1997) (speaking of identifying need for a consultative examination, the court stated in a counseled case, the ALJ may require counsel to identify issues requiring further development).

## Conclusion

The Court finds that the ALJ's decision lacks substantial support in the record because he failed to address the treatment records generated by Dr. Lambert which related to Plaintiff's ability to walk and which were specifically called to the ALJ's attention by Plaintiff's counsel at the hearing.  The decision of the Commissioner finding Plaintiff not disabled is REVERSED and the case REMANDED for the consideration and discussion of the medical records related to diabetic neuropathy.

SO ORDERED this 26th day of April, 2011.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE